FILED
U.S. DISTRICT COURT
**UNITED STATES DISTRICT COURT** WYOMING

**DISTRICT OF WYOMING** 25   PM  3  05

STEP...  HARRIS, CLERK
CHEYENNE

MIGUEL CASTRO-PEREZ,

     Petitioner,

     v.

UNITED STATES OF AMERICA,

     Respondent.

Case No.     12–CV–89–ABJ

Criminal Nos. 10–CR–232–ABJ
                 10–CR–326–ABJ–1

---

## OPINION AND ORDER GRANTING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 AND VACATING AND REENTERING JUDGMENT

---

Petitioner Miguel Castro-Perez filed a motion under 28 U.S.C. § 2255 asking this Court to vacate, set aside, or correct his sentence on the ground that he received constitutionally ineffective assistance of counsel in violation of the Sixth Amendment. Specifically, Petitioner contends defense counsel performed deficiently by failing to consult with him about an appeal, and that failure allegedly prejudiced him by depriving him of his right to take an appeal. Because the Court agrees with Petitioner's contention, it **GRANTS** his motion to the extent he seeks reinstatement of his appellate rights, and to facilitate that reinstatement the Court **VACATES** and **REENTERS** its judgment of conviction and sentence.

- 1 -

## FACTS

A grand jury indicted Petitioner Miguel Castro-Perez along with four of his co-conspirators for conspiracy to distribute cocaine, distribution of cocaine, aiding and abetting distribution of cocaine, and being an illegal alien in possession of a firearm. He pleaded guilty to one count of distribution and the firearm charge; the Government dismissed all other counts. Notably, his plea agreement did not contain an appeal waiver.

After Petitioner's change-of-plea hearing, a United States probation officer prepared a presentence investigation report calculating Petitioner's offense level and criminal history in order to establish his advisory sentencing guideline range under the United States Sentencing Guidelines. The officer applied a two-level enhancement for Petitioner's alleged possession of a firearm in connection with his distribution charge and a three-level enhancement for Petitioner's alleged role as a manager of the drug conspiracy.

Petitioner objected to both of those enhancements at his sentencing hearing. On the firearm enhancement, Petitioner argued that the firearm was not connected to any of the drug charges against him. On the manager/supervisor enhancement, Petitioner argued the Government did not have sufficient evidence to prove that the enhancement applied. While a close call, the court overruled Petitioner's objections, maintained the two enhancements, and sentenced him to sixty-three months in prison.

Immediately after the sentencing hearing, Petitioner asked defense counsel, David Weiss, about the possibility of an appeal. Mr. Weiss advised against an appeal on the grounds that the Government had strong arguments against Petitioner and Petitioner's sentence could end up being even longer after an appeal. Mr. Weiss attempted to ask Petitioner in broken Spanish if he

wanted Mr. Weiss to do anything else for him, and Petitioner responded in Spanish that everything was fine. That was the last time Mr. Weiss spoke with Petitioner.

About a year later, Petitioner filed a motion under 28 U.S.C. § 2255 claiming, among other things, constitutionally ineffective assistance of counsel based on Mr. Weiss's failure to file a notice of appeal. Unsure about the nature of Petitioner's claim, this Court ordered an evidentiary hearing on the matter.

During that hearing, Petitioner conceded that he had neither instructed Mr. Weiss to file an appeal nor asked that an appeal not be taken. Instead, Petitioner argued that under *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), Mr. Weiss had a constitutional duty to consult with him about an appeal and that Mr. Weiss's failure to do so prejudiced him by depriving him of an appeal. Petitioner called Mr. Weiss to testify at the evidentiary hearing. Mr. Weiss admitted there was some confusion after the sentencing hearing about Petitioner's wishes regarding an appeal. He also admitted that despite this confusion he had no contact whatsoever with Petitioner after the sentencing hearing. Petitioner testified at the evidentiary hearing as well, stating that had Mr. Weiss consulted with him about an appeal he would have taken one.

The Court must resolve two issues: (1) whether Mr. Weiss had a constitutional duty to consult with Petitioner about an appeal, and (2) assuming he did, whether his failure to do so prejudiced Petitioner. To answer those questions, the Court first will discuss the general principles governing ineffective-assistance claims under *Strickland v. Washington*, 466 U.S. 668 (1984). It will then discuss the more specific principles under *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), that govern ineffective-assistance claims based on counsel's failure to file an appeal. The Court will then apply those principles to the facts here. A brief conclusion follows.

## DISCUSSION

In *Strickland v. Washington*, the Supreme Court announced a two-part test that governs ineffective-assistance-of-counsel claims. 466 U.S. 668, 687 (1984) "An ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003). "To establish deficient performance, a petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness." *Id.* (internal quotation marks omitted); *see Strickland*, 466 U.S. at 688 ("The proper measure of attorney performance remains simply reasonableness under prevailing professional norms."). A petitioner must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. To establish *Strickland*'s prejudice component, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

In *Roe v. Flores-Ortega*, the Supreme Court held that *Strickland*'s two-part test applies to claims that counsel was constitutionally ineffective for failing to file a notice of appeal. 528 U.S. 470, 477 (2000). Two bright-line rules apply in this context. First, if counsel disregards the defendant's specific instructions to file a notice of appeal, that is a per se *Strickland* violation and the defendant is entitled to a new appeal. *Id.* Second, if the defendant explicitly tells counsel not to file an appeal, the defendant can't complain later that counsel was ineffective for failing to do so. *Id.*

*Flores-Ortega* also addressed a third situation, one in which the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken. In that situation, the

question is whether counsel consulted with the defendant about an appeal—that is, advised the defendant about the advantages and disadvantages of taking an appeal and made a reasonable effort to discover the defendant's wishes. *Id.* at 478. If counsel did not consult with the defendant, the question is whether counsel had a constitutional duty to do so. And to answer that question, the Court held that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. The Court stated that a highly-relevant factor in determining whether counsel had a duty to consult is whether the defendant went to trial or pleaded guilty. *Id.* If the defendant pleaded guilty, other relevant factors are whether the defendant received the sentence bargained for and whether the plea expressly reserved or waived some or all appeal rights. *Id.* The Court also stated, "[w]e expect that courts evaluating the reasonableness of counsel's performance using the inquiry we have described will find, in the vast majority of cases, that counsel had a duty to consult with the defendant about an appeal." *Id.* at 481.

In the event counsel had a duty to consult but failed to do so, the defendant satisfies *Strickland*'s prejudice component by demonstrating "a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484. The Court stated, "evidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making this determination." *Id.* at 485.

With these principles in mind, the Court now turns to their application here.

Neither bright-line rule from *Flores-Ortega* applies in this case. Petitioner conceded as much during the evidentiary hearing, stating that he neither instructed Mr. Weiss to file an appeal nor requested that an appeal not be taken. Evidentiary Hr'g Tr. 9:10–14. Further, Mr. Weiss did not consult with Petitioner about an appeal. Mr. Weiss admitted there was some confusion after the sentencing hearing about Petitioner's wishes regarding an appeal. *Id.* at 32:9–21; *see also* 34:16–21 (stating "perhaps we were not on the same page"). But instead of taking measures to clear up that confusion, Mr. Weiss had no contact with Petitioner whatsoever after the sentencing hearing. *Id.* at 33:20–24. Because Mr. Weiss thus failed to make a reasonable effort to discover Petitioner's wishes regarding an appeal, he failed to consult with Petitioner about an appeal under *Flores-Ortega*.

That means a critical question here is whether Mr. Weiss had a constitutional duty to consult with Petitioner about an appeal. He did. That's because there's reason to think a rational defendant in Petitioner's position would have wanted to appeal, and because Petitioner sufficiently demonstrated to Mr. Weiss that he was interested in doing so.

There's reason to think a rational defendant in Petitioner's position would have wanted to appeal because Petitioner had at least two nonfrivolous grounds for appeal. First, Petitioner had a strong argument that the firearm was not connected with his drug transactions such that the district court erred in applying a two-level firearm enhancement. *See* U.S. Sentencing Guideline Manual § 2D1.1(b)(1) (2010). Second, he had a substantial argument that he was not a manager or supervisor of the drug conspiracy such that the district court erred in applying a three-level enhancement based on his role as such. *See id.* § 3B1.1(b). Because those arguments were nonfrivolous (perhaps even meritorious), there's reason to think a rational defendant in Petitioner's shoes would have wanted to appeal.

Petitioner also sufficiently demonstrated to Mr. Weiss an interest in appealing. Even though Petitioner pleaded guilty, he did not waive his appellate rights in the plea agreement. And, more importantly, he provided uncontradicted testimony that immediately after the sentencing hearing he asked Mr. Weiss about the possibility of an appeal. Evidentiary Hr'g Tr. 58:22–23. Thus, because there is reason to think a rational defendant in Petitioner's shoes would have wanted to appeal, and because Petitioner sufficiently demonstrated to Mr. Weiss an interest in doing so, Mr. Weiss had a constitutional duty to consult with Petitioner about an appeal. Because he failed to do so, Petitioner has satisfied the performance component of his ineffective-assistance claim.

Having concluded as much, the next question is whether Petitioner was prejudiced by Mr. Weiss's failure to consult with him about an appeal. He was. Petitioner testified that had Mr. Weiss consulted with him about an appeal he would have taken one. *Id.* at 57:6–9. Nothing gives the Court sufficient reason to doubt the credibility of that testimony. Indeed, that Petitioner had nonfrivolous grounds for appeal lends additional weight and credibility to it. *See Flores-Ortega*, 528 U.S. at 486 ("[S]howing nonfrivolous grounds for appeal may give weight to the contention that the defendant would have appealed . . . ."). Petitioner has thus shown there is a reasonable probability that, but for Mr. Weiss's failure to consult with him about an appeal, he would have taken one. He has thus satisfied the prejudice component of his ineffective-assistance claim.

In sum, because Mr. Weiss performed deficiently by failing to consult with Petitioner about an appeal, and because that failure prejudiced Petitioner, he has demonstrated that he received constitutionally ineffective assistance of counsel in violation of the Sixth Amendment. He's therefore entitled to reinstatement of his appellate rights. In *United States v. Snitz*, the Tenth Circuit suggested the proper procedure for reinstating those rights is to vacate and reenter the

court's judgment of conviction and sentence. 342 F.3d 1154, 1155 (10th Cir. 2003). So that's what the Court will do here.

## CONCLUSION

Petitioner has demonstrated that he received constitutionally ineffective assistance of counsel in violation of the Sixth Amendment. Mr. Weiss performed deficiently by failing to consult with Petitioner about an appeal, and that failure prejudiced Petitioner by depriving him of his right to an appeal. The Court therefore **GRANTS** Petitioner's motion to the extent he asks for reinstatement of his appellate rights. The Court **VACATES** and **REENTERS** its judgment of conviction and sentence to enable Petitioner to pursue a direct appeal. Under Federal Rule of Appellate Procedure 4(b), Petitioner must file his notice of appeal with this Court within fourteen (14) days of the Court's reentry of its judgment.

Dated this ___25th___ day of July, 2013.

Alan B. Johnson
United States District Judge